### 11409

### STATE v. DENNIS

#### (121 S. E., 258)

CRIMINAL LAW—THAT MAGISTRATE'S CONSTABLE WAS ENEMY OF DE-
FENDANT HELD TO REQUIRE CHANGE OF VENUE.—That the Magis-
trate's Constable was a bitter personal enemy of defendant, and
defendant and the Constable had recently engaged in a personal
encounter and Constable and prosecutor were closely related, *held*
to require a change of venue, in view of the Constable's duty to
prepare the jury list.                    .

Before FEATHERSTONE, J., Berkeley, March, 1923. Af-
firmed.

William H. Dennis was prosecuted for assault and bat-
tery before a Magistrate. From an order of the Circuit
Court sustaining the appeal and setting aside judgment and
sentence, the State appeals.

The order of Circuit Judge C. C. Featherstone, referred
to in the opinion, follows:

The defendant was arrested upon a warrant issued by
Magistrate Lewis G. Fultz. Before the trial, defendant
filed an affidavit, upon which he made a motion for a
change of venue.

In so far as the Magistrate is concerned, I do not think
the affidavit states such facts as would disqualify him and
make it mandatory upon him to grant the change of venue.

But the affidavit goes further and states that the Magis-
trate's Constable is a bitter personal enemy of the defendant,
and that he and the said Constable had recently engaged in
a personal encounter; and, further, that the Constable and
the prosecutor were closely related.

The Magistrate refused the motion to change the venue,
whereupon the defendant "stood mute," and the Magistrate
proceeded with the trial, found the defendant guilty, and
sentenced him to 30 days or a fine of $40.00.

As before stated, I agree fully with the Magistrate that,
in so far as he was concerned, there was no legal disquali-

fication, and that it was not mandatory upon him to grant the motion.

But I think he should have done so upon the showing made as to the Constable. Under the law, it was the duty of the Constable to prepare the jury list and draw the jury. Evidently the defendant thought he could not get a fair trial if the Magistrate passed upon the facts without the aid of a jury. He was entitled to demand a jury, but, if he made such a demand, then the jury would be drawn by a man whom he had reason to regard as his personal enemy.

I think it was prejudicial and error of law to place the defendant in such a position. It is, therefore, ordered that the appeal be sustained, the judgment, and sentence be set aside, and the case remanded, with instructions of the Magistrate to grant the change of venue.

By this course, the State cannot be injured, and all feeling on the part of the defendant that he failed to get a fair trial will be removed.

I neglected to state that the case was heard by me, upon appeal from the judgment of the Magistrate, while presiding in Court of General Sessions for said County.

*Mr. A. J. Hydrick, Solicitor,* for the State, cites: *Disqualification by marriage:* 15 S. E., 748; 34 S. C., 16; 61 S. C., 141. *Constable would not have had to draw jury:* Vol. 3, Civil Code 1922, Secs. 2245, 2268.

*Messrs. Wolfe & Dennis,* for respondent, cite: *Change of venue:* Criminal Code 1922, Sec. 42. *Constable must prepare jury list:* Vol. 3, Code 1922, Sec. 2245.

February 1, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

We are entirely satisfied with the disposition of this matter by his Honor, the Circuit Judge, and for the reasons given by him the judgment below is affirmed.

JUSTICES WATTS, FRASER and MARION concur.

CHIEF JUSTICE GARY did not participate.